PER CURIAM.
The State has moved to dismiss this appeal for failure of appellant, who appears in proper person, to file his brief within the thirty-day period required by Florida Appellate Rule 6.11(b), 31 F.S.A.
The record reveals that appellant was adjudged insolvent by the trial court subsequent to the filing and disposition of this motion under Criminal Procedure Rule Number One, F.S.A. ch. 924 App., “to vacate and set aside the judgment” and discharge him from custody. Said motion does not identify the case in which it is filed with sufficient particularity to determine whether it was addressed to his conviction in the Court of Record of Escambia County, Florida, July Term A.D.1961, on a charge of breaking and entering, for which he was adjudged guilty and sentenced to serve one year in the county prison of said county, or whether it was addressed to his conviction at the September 1961 term of said court pursuant to a plea of guilty to the charge of escape from confinement under the sentence pursuant to the former conviction.
In any event, a pleading entitled “Statement of the Case” was filed in support of appellant’s said motion and was apparently considered by the lower court in passing thereon. The “Statement of the Case” clearly relates to both convictions, whereas the order disposing of appellant’s motion relates only to case number 61-672 of the serial numbers of said Court of Record, having to do with the charge of escape; and the transcript from the minutes of court showing disposition of criminal proceedings involving appellant relates only to said conviction on the charge of escape.
It appearing that the motion filed by appellant in the lower court has not been fully disposed of, we hereby relinquish jurisdiction of this cause to the Court of Record of Escambia County, Florida, with directions to adjudicate the merits of said motion with respect to the conviction on the charge of breaking and entering; and *803 to appoint counsel to represent the insolvent appellant in the matter of this appeal from the order of date June 11, 1963, entered in said case number 61-672 of the serial numbers of said court, and also to represent the interest of appellant in the event the trial court should deny appellant’s motion to vacate the judgment of conviction entered against him with respect to the charge of breaking and entering.
Proceedings in this cause shall be and they are hereby stayed pending disposition of said matters in the trial court.
It is so ordered.
STURGIS, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.